## STATE v. BENJAMIN BLACKISTON and RISDON BISHOP.

Court of Quarter Sessions.

*Rodney's Notes.*

*Ridgely* [for the State]. *Vining, Rodney* [for defendants].

William Hale. In November last at George Town, Mr. Bishop and others came there. Blackiston proposed a race. None would take him up except Kersey, and Blackiston then refused, and Saunders took him up. Kersey had not ten dollars. Then Bishop and Smith came up and made up the money. Blackiston declared at that time he would have nothing to do with the race. That evening Blackiston told me that it was made by Saunders for him, and his own money was staked. I received three dollars from Bishop, laid on Kersey's horse; either Blackiston or Saunders delivered me ten dollars on Blackiston's horse. Kersey's horse beat. I gave up the stakes by Saunders' consent to Kersey, Bishop and Smith. At first I was requested to keep secret what Blackiston told me, since which [time] he has told the same to me and others. I have heard Blackiston talk of warranting Bishop to get the money back. There were twenty or thirty persons. The race was made up while we were there.

John Clark. I heard Bishop and Blackiston say Kersey's horse beat, and Blackiston said Saunders bet, and he, Saunders,

owned it. Since which, Blackiston said if he had the money or fine to pay, he would warrant Bishop for the money, and heard him say it was his horse that ran. Blackiston was praising his horse for a racer and was taken up.

William Hale. The race was talked of first at Wiles' Store and concluded on at John Clark's. It was run about three-fourths mile from George Town.

Charles Nabb. I have heard Blackiston say he laid his own money. He got Saunders to stake it for him, and that he would warrant Bishop and the rest of them for the money.

*Vining.* Two things necessary to convict: one, the offense must be clearly proved; second, that it must come within the law.

*Ridgely* in the opening.

*Vining.* This, a penal statute, should be construed strictly and in favor of the party charged. Parties should have been assembled for the purpose etc. This should have been done by information or suit, not indictment. Cro.Jac. 644, when a statute gives a remedy by bill or plaint, indictment will not lie.

*Ridgely.* 4 Hawk.P.C. 3, s. 4. Where a statute prohibits or commands etc., the party is punishable by indictment. 4 Term 5, where a new law is made inflicting a fine, and gives a remedy by bill, plaint etc., indictment will lie. Act says upon conviction before Sessions, provided information or suit be made or prosecuted within three months.

*Rodney.* Esp.N.P. 226, the prosecutor were not entitled to reply after defendant made his defense and had produced no evidence. The preamble [is] the key to the construction of a statute. Intention of law to prevent selling liquors principally; previous to passing this Act, racing [was] no offense. No prohibitory clause in this Act. Cro.Jac. 644. 1 Burr. 543–544, where a new offense is created with a penalty and no prohibitory clause, indictment will not lie if other remedy given.

*Ridgely* in conclusion. An information is lodged by the Attorney General alone. Now proceedings, by Constitution, can only be by jury, and not by information. Penalty for carrying Negroes out to be recovered in action of debt by bill, information etc. Only suit to be brought in Sessions is by indictment.

Verdict, guilty. Fined £10 each.

CHIEF JUSTICE. In this case the Court are of opinion the indictment will lie. Counsel has argued this case ingeniously. By the Constitution no man can be tried but by jury, and no pro-

ceeding can be had by information except in the army and navy. The remedy in this case is in Quarter Sessions, and the proceedings there must be by indictment.